GEORGE W. HARDY, Jr., Judge.
This is a compensation claim, and plaintiff has appealed from judgment rejecting her demands against the defendants, her employer and his insurance carrier.
The controlling issue presented by this appeal is whether the injury sustained by plaintiff was incurred during the course and scope of her employment. This is purely factual in nature.
Certain material facts are established by the record without controversion. Plaintiff was one of a number of women employed by defendant as a door-to-door canvasser in connection with a special sales program; about the hour of 4:15 P.M. on October 8, 1959, the fifth day of plaintiff’s employment, after having returning to defendant’s plant, plaintiff left her employer’s premises, walked to a grocery store approximately one block distant therefrom, purchased some cigarettes and, after leaving the store while walking an additional half block in a direction away from defendant’s plant in the company of a Mrs. Leddy, one of the members of her group of canvassers, was struck from the rear by a bicycle, thrown to the ground and sustained the injuries for which she claims compensation.
The basis of plaintiff’s claim for recovery rests upon her assertion that her hours of employment were from 8:30 A.M. until 4:30 P.M., and that she intended to return to her employer’s premises before leaving for her home. The reasons set forth by plaintiff in her testimony were that the sales manager was not present at the time her group of canvassers returned to the plant from the area in which they had been working, transported by a company vehicle; that she decided to walk down the street to get some cigarettes and, as above noted, intended to return before leaving for home. Plaintiff’s actions at and immediately preceding the accident are not in accord with the above stated assertions. In the first place, it is established that there were two cigarette vending machines on the loading dock of the defendant employer’s plant in the area where the canvassers were accustomed to enter upon their return from their canvassing duties; secondly, the testimony of Mr. Mangum, the sales manager in charge of the canvassing groups, was that he was present at the plant at the time in question and that plaintiff, along with other members of her group, had been dismissed for the day; third, the testimony of Mrs. Leddy completely failed to corroborate plaintiff’s testimony that she had declared an intention to return to the plant.
Upon the basis of the existing facts, and even allowing plaintiff the benefit of the doubt as to those in dispute, we think it would be unreasonable and illogical to accept the conclusion contended by plaintiff *493 which would, in the final analysis, rest only upon her undisclosed and entirely subjective “intention.”
Our review of the record is convincing on the point that plaintiff has failed to establish the essential fact that the accident occurred during the hours of her employment and in the scope and course thereof by the requisite preponderance of the evidence. It follows that there is no error in the judgment appealed from, and, accordingly, it is affirmed at appellant’s cost.